# MILANO *v.* UNITED STATES.

CRIMINAL LAW; JURY; HOMICIDE.

Section 208, Code of the District of Columbia [31 Stat. at L. 1223, chap.
    854], providing that if any persons selected as jurors shall prove
    to be incompetent, the clerk, under the direction of the court, shall
    draw from the box the names of other persons to take their places,
    will be held to prescribe the method of completing the jury after
    exhaustion of the panel in a murder trial, in view of the express
    exclusion of capital cases from § 209, providing that if, during the
    impaneling of the jury, the panel shall become exhausted, the court
    may, in its discretion, direct the clerk to draw further names from
    the box, or order the marshal to summon as many talesmen as may
    be necessary to complete the jury.

No. 2487. Submitted April 7, 1913. Decided May 5, 1913.

HEARING on an appeal by the accused from a judgment of
conviction of the Supreme Court of the District of Columbia,
holding a criminal court, in a prosecution for murder.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellant, Tony Milano, was convicted in the supreme court
of the District of Columbia of murder in the first degree. It is
conceded that the regular panel of the jury for the term in
which he was tried, consisting of twenty-six jurors, was legally
drawn. On the trial, when the regular panel was exhausted, the
court ordered additional talesmen drawn from the jury box,
which was done until a trial jury was finally selected. Counsel
for defendant objected and excepted to this manner of securing
talesmen, as not authorized by the law of the District. The case
is here upon this single exception.

*Mr. D. W. Baker* and *Mr. James F. Kelly* for the appellant.

*Mr. Clarence R. Wilson,* United States Attorney for the District of Columbia, and *Mr. A. McComas Hawkins,* Assistant, for the United States.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

We think the objection can be answered by an interpretation of the following sections of the Code. Section 208: "If any persons selected as jurors cannot be found, or shall prove to be incompetent, or shall be excused from service by the court, the clerk, under the direction of the court, shall draw from the box the names of other persons to take their places. And if, after the organization of the jury, any vacancies occur therein, they shall be filled in like manner." Section 209: "If at any time during the impaneling of a jury, in any other than a capital case, the regular panel, by reason of challenge or otherwise, shall be exhausted before the jury is complete, the court may, in its discretion, direct the clerk to draw from the box the names of other persons to serve as jurors, and cause them to be summoned, or order the marshal to summon as many talesmen as may be necessary to complete the jury." [31 Stat. at L. 1223, chap. 854.]

If the Code is silent as to the manner of procuring talesmen in capital cases when the regular panel is exhausted, we must look to the common law or the law of Maryland prior to 1801. Sec. 1, D. C. Code [31 Stat. at L. 1189, chap. 854]. At common law in capital cases, as in other felonies and misdemeanors, talesmen were summoned from the bystanders to complete a jury. The statute of 35 Hen. VIII., chap. 6, which was in force in Maryland prior to 1801, empowered the judge, at the power of either party, to award a *tales de circumstantibus* of persons present in the court to complete a jury.

Section 209 leaves it in the discretion of the trial judge, except in capital cases, to issue an open venire, as at common law, directing "the marshal to summon as many talesmen as may be necessary to complete the jury," or he may order the clerk to draw names from the jury box. The use of the open venire is

clearly prohibited in capital cases by the above exception, and no relief, therefore, is afforded by either the common law or the act of Hen. VIII.

Sections 198 to 207 of the Code, inclusive [31 Stat. at L. 1222, chap. 854], relate to the preparation of the jury box and the drawing of the regular panel, and sec. 208 expressly provides that when any such juror (referring to the regular panel) "shall prove to be incompetent," his place shall be filled by drawing from the box the name of another person. While this section is somewhat ambiguous, it is our duty, if possible, to give it the effect undoubtedly intended by Congress. We think, therefore, that it should be interpreted to include the formation of a trial jury. The challenge of a juror on the regular panel, for cause or peremptorily, goes to his competency for service on that particular jury; and with this construction the statute clearly authorizes the vacancy caused by his incompetency to be filled by the drawing of a name from the box; and since this is the only method provided for procuring a jury in a capital case, owing to the exception in sec. 209, we feel justified in sustaining the action of the trial court. In thus giving the statute an effective construction, consonant with the intent of its framers, every safeguard is thrown around the defendant charged with a capital offense, by assuring a competent, unprejudiced jury, free from the objections which have forced the abandonment of the open venire in many jurisdictions.

The judgment is affirmed.                           *Affirmed.*